Sneed, J.,
delivered the opinion of the Court.
This cause originated before a Justice of the Peace. The plaintiff moved for judgment against the defendant for the amount of an execution and costs, which, it is shown, was paid by plaintiff, and which, he alleges, he paid as stayor for the defendant. The judgment before the Justice was for the plaintiff, from which defendant appealed to the Circuit Court. On the trial before the Circuit Court, it was shown that, on the 5th of May, 1866, a judgment was rendered by said Justice, on a promissory note, for $203.29, in favor of Hugh Dowling, administrator, and' against E. P. Cawood, John W. Earley, and the defendant, Thomas Crookshank. The judgment was for $205.79 and costs. It appears that defendant was security on said note, and the judgment recites the fact. On the 6th of May, 1866, the day after the judgment was entered, the defendant, Thomas Crookshank, went to the Justice, and delivered to him the following order for a stay:
“ Me. Thomas Crookshank — Sir: You are hereby authorized to use my name as stayor to a note for about $200, where E. P. Cawood and John W. Early are principal, and yourself as security.
“ May 1st, 1866. John W. Stinnett.”
The Justice, who was made a witness in the cause, states, that when the defendant brought him the order, he hesitated in accepting the plaintiff as stayor, because *498 lie knew nothing of kis solvency, and thereupon the defendant assured him that the plaintiff “was good,” and, at the instance of the defendant, he entered the plaintiff’s name as stayor; that neither of the defendants were present, nor did either of them ask for the stay. When the stay was accepted and entered, the defendant observed, “That lets me out.” It is shown that the other defendants to the judgment were non-residents of the county, and probably insolvent. ' Indeed, the proceedings before the Justice do not show that the process ever was executed against defendant, John W. Early, although the judgment is against all the defendants. The defendant, Crookshank, produced, upon the trial in the Circuit Court, the following statement in writing, and proved its execution by the plaintiff:
“At Home, February 7, 1867.
“ This is to certify that I did stay a note for E. P. Cawood and John W. Early, for two hundred and two dollars, executed to Hugh Howling, as administrator of James Calloway, Sr., deceased. I certify further, that Thomas R. Crookshank did not have any agency whatever in procuring me as stayor, as I stayed the note for Cawood and Early, and not for Crookshank, he never having spoken to me up to that time.
“John W. Stinnett.”
The Code provides, that where the principal and the surety or endorser are sued, and the execution is stayed without the request or consent of the surety or indorser, the stayor shall be liable, in default of the principal debtor, to pay the debt and costs of judgment, and the first surety or endorser shall be exonerated, unless the *499 principal debtor and stayor shall both become insolvent, or unless the first surety or indorser specially join with the debtor in procuring the stay. § 1973.
By § 3028 it is provided that, when the judgment or decree is against a principal and his surety, it shall be the duty of the officer having the collection thereof, to exhaust the property of the principal, both real and personal, before proceeding to sell the property of the surety. And by the section which follows, the term surety is interpreted to embrace accommodation indorser, stayor, and all other persons whose liability on the debt or contract is posterior to that of another.
It is provided, in 3061, 3062 and 3067,' that the Justice shall not enter security for the stay of execution for any defendant, bound as surety or indorser on the original debt, when the surety is offered by the principal, or unless the defendant assents in proper person, or by writing signed by him, and showing that the stayor is entered as such at his instance and request; and that the stayor who becomes surety at the instance of the principal in the judgment, shall be first liable, in default of the principal, before the original surety or endorser; and the stayor who pays off the judgment may have his judgment over by motion against Ms principal, before the Justice having lawful possession of the papers, fdr the amount so paid, with interest and costs, and the defendant shall not be entitled to stay the execution on such judgment. This provision is substantially repeated in 4171, except that a stay of such judgment is allowed, if the surety for such stay consent thereto in writing.
The question in this case, is upon the construction *500 of' the foregoing provisions of the Code, as to the liability of the defendant to the judgment by motion.
We can scarcely interpret a law correctly, without first considering the reason thereof. The simple object of the law in thus postponing the liability of a surety or indorser, and making the stayor first liable, was to protect the surety or indorser, whose debt is stayed from the probable consequences of delay in the collection of the judgment, when such delay was occasioned without his consent or procurement. It could not be presumed that the surety or indorser, against whom, and his principal, a judgment had been rendered for the debt, would assume the liability for eight months’ additional interest on the debt, to say nothing of the intermediate risk of the insolvency of the other parties, unless he positively assents thereto. The moment judgment is rendered against the principal and surety, the liability of both is fixed, and after the lapse of two days, if there be no stay or appeal, the plaintiff may have his execution against the parties, which the officer is required to levy in the order of their liability. The surety, in default of "the principal, is liable for the judgment, interest and costs; and if the judgment be stayed, without his consent or procurement, it would be alike unjust and oppressive to impose upon him the additional interest in 'the first instance. Thus, it is said that the relation of principal and surety, is contracted between the stayor and the party for whom he stays the judgment, by the agreement to stay. 2 Meigs Dig., 657. The principal of the stayor, is the party for whom he stays the debt, and at whose instance it is stayed. And thus, it is *501 provided, that the stayor, who pays off the judgment, may have his judgment over, by motion against his principal. Code, 3067. Now did the defendant, in this case give his consent to the stay, or was it done at his instance?' If so, his liability is fixed.
The plaintiff affirms that he did not procure the stay, and this the defendant denies. In support of his position, he produces a paper, executed by the plaintiff, purporting to be a certificate of the plaintiff, that he did not stay a “note” therein mentioned, at the instance of the defendant, but by the special request of the principal in said note. This paper does not describe the note on which the judgment was rendered, either in its date or amount, nor does it give the date of the judgment or the name of the Justice, or any other fact from .which we might be assured the cases are the same, nor is there the slightest extrinsic evidence of their identity. It may state the truth, and yet may refer to a totally different judgment. But even if it did, it so far ignores the prominent and undisputed facts in this record, that, strange and unexplained as it is, we can not accept it in exoneration of the defendant, in this case. The law only requires that the defendant should have assented to the stay, in order that his liability should be fixed. Suppose it be true that the principals in the note procured the stay, but defendant appeared before the Justice and assented to such stay. Would he not, under the law, be liable to the motion? We think he would. But here we have a much stronger case. We have the defendant acting as the special messenger of the plaintiff, and carrying to the Justice the order of *502 the plaintiff to enter his name as stayor. But this is not all. We have him before the Justice, assenting to the stay, and urging the same. We have the Justice hesitating to accept the stayor, and the defendant avouching the solvency of the stayor, and we have the sworn testimony of the Justice, that the stay was entered at the instance of the defendant. These facts are conclusive against him. The remark of the defendant, at the moment of the acceptance of the stay, “that lets me out,” only shows that he thought he was skilfully conniving at his own deliverance, though he was doing precisely what the law required him to do, in order to fix his own liability. If he had asseverated his dissent at the moment he betrayed his anxiety; if he had stated to the Justice that he was merely representing his principals in being the bearer of the order, the case would be presented in a different aspect. It is urged at the bar, that the insolvency of the plaintiffs, in the note, does not sufficiently appear. We can not see how that question can affect the defendant’s liability here. If he, alone, procured or consented to the stay, then he is the plaintiff’s principal, against whom, when the debt is paid, this motion could be maintained. If, on the other hand, the stay was for all the parties, and the stayor pays the debt, then the motion is available against all or either.
The judgment is reversed, and a judgment will be entered here for the amount paid by the plaintiff, with interest and costs.